1/30/2026 2:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110673268
By: Yasmin Creag
Filed: 1/29/2026 1:33 PM

CAUSE NO. _____

SUSAN TITTLE,

Plaintiff,

v.

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT; THE GOVERNING BODY | § | **IN THE DISTRICT COURT** |
| EXERCISING BOARD AUTHORITY | § | |
| FOR HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT;  MIKE MILES, | § | **HARRIS COUNTY, TEXAS** |
| in his official capacity as Superintendent; | § | |
| KAROL GALINDO, individually and in her | § | |
| official capacity; LEBRANDAN JENKINS, | § | **_____ JUDICIAL DISTRICT** |
| individually and in her official capacity; and | § | |
| BRITTANY DIXON, individually and in her | § | |
| official capacity, | § | |
| Defendants. | § | |

## PLAINTIFF SUSAN TITTLE'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW SUSAN TITTLE, Plaintiff and files this original petition against Defendants HOUSTON INDEPENDENT SCHOOL DISTRICT; THE GOVERNING BODY EXERCISING BOARD AUTHORITY FOR HOUSTON INDEPENDENT SCHOOL DISTRICT; MIKE MILES, in his official capacity as Superintendent; KAROL GALINDO, individually and in her official capacity; LEBRANDAN JENKINS, individually and in her official capacity; BRITTANY DIXON, individually and in her official capacity,                                      §
                    Defendants.

## INTRODUCTION

This case concerns the use of inconsistent statutory employment procedures in connection with the nonrenewal of a term-contract educator. During the 2024–2025 school year, the District initiated a mid-year termination process based on specific allegations of misconduct.

That process was not completed, and Plaintiff was permitted to continue working through the remainder of the contract term.

The District issued a Notice of Proposed Nonrenewal. The notice did not identify factual allegations, did not reference the earlier termination process, and did not incorporate prior allegations by reference. At the subsequent evidentiary hearing, the District relied on matters not identified in the written notice of proposed nonrenewal, including allegations raised during the abandoned termination process and materials relating to protected grievance activity and electronic communications.

This action does not challenge the District's discretion to make employment decisions. It concerns whether statutory and constitutional procedures were applied consistently with the disciplinary framework selected by the District itself, and whether those failures give rise to federal constitutional, statutory, and contractual claims.

## I. DISCOVERY CONTROL PLAN

1.  Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II. PARTIES

2.  Plaintiff Susan Tittle is an individual formerly employed by Houston Independent School District and worked at Fonville Middle School in Harris County, Texas.

2.  Defendant Houston Independent School District ("HISD") is an independent school district organized under the laws of the State of Texas and is a political subdivision of the State of Texas. HISD operates public schools in Harris County and implemented the employment actions at issue in this case.

3.  Defendant the governing body exercising board authority for Houston Independent School District (the "Board") is the entity that employed Plaintiff and entered into Plaintiff's term contract pursuant to Texas Education Code Chapter 21. The Board is responsible for hiring, renewal, and nonrenewal decisions affecting term-contract

educators and is a proper defendant to Plaintiff's contractual and statutory claims. The Board is sued in its official capacity.

4. Defendant Mike Miles is the Superintendent of Houston Independent School District and the chief executive officer responsible for implementing Board employment decisions. He is sued in his official capacity only for prospective declaratory and injunctive relief.

5. Defendant Karol Galindo was at all relevant times the Principal of Fonville Middle School, an HISD campus located in Harris County, Texas. She is sued in her individual capacity for damages under federal law and in her official capacity for prospective relief.

6. Defendant Lebrandan Jenkins was at all relevant times an administrator at Fonville Middle School in Harris County, Texas. She is sued in her individual capacity for damages under federal law and in her official capacity for prospective relief.

7. Defendant Brittany Dixon was at all relevant times the Special Education Department Chair at Fonville Middle School in Harris County, Texas. She is sued in her individual capacity for damages under federal law and in her official capacity for prospective relief.

8. Plaintiff does not seek monetary damages against Defendants sued solely in their official capacities.

## III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §§ 1983 and 1988.

11. This Court has jurisdiction over Plaintiff's state-law claims pursuant to Texas Government Code § 554.0035, which expressly waives sovereign immunity.

Unofficial Copy Office of Marilyn Burgess District Clerk

12. This Court has jurisdiction to grant declaratory and prospective injunctive relief under Texas and federal law.

13. Venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code § 15.002(a) because Plaintiff was employed in Harris County and the acts and omissions giving rise to this action occurred in Harris County.

## IV. STATEMENT OF FACTS

### A. Employment and Contract Framework

14. Plaintiff was employed by Defendants under a one-year term contract for the 2024–2025 school year.

15. Term-contract employment under Texas law is governed by statutory procedures addressing termination during the contract term and nonrenewal at the end of the contract term.

16. Those procedures include written notice and an opportunity to respond before adverse employment action is finalized.

17. Plaintiff continued her employment in reliance on those statutory procedures.

### B. Written Grievance Activity

18. During the 2024–2025 school year, Plaintiff submitted written grievances through HISD's established grievance process.

19. Plaintiff's grievances raised concerns regarding campus working conditions and alleged violations of applicable laws and regulations.

20. HISD received and processed Plaintiff's grievances.

21. HISD issued written grievance responses acknowledging the grievance submissions and addressing the issues raised.

22. Plaintiff's grievance submissions and the District's written responses are part of the administrative record.

## C. Initiation and Abandonment of Termination Process

23. During the school year, HISD issued a notice proposing termination of Plaintiff's term contract.

24. The termination notice cited specific alleged conduct and referenced educator standards.

25. HISD did not complete the termination process.

26. Instead, HISD continued Plaintiff's employment for the remainder of the school year.

### C-1. Investigation Activity Reflected in Record

26A. The investigation referenced by the District occurred during the contract term and formed the basis for the proposed termination notice.

26B. Following issuance of the termination notice, the District did not issue any additional investigation notice to Plaintiff.

26C. The District's written records do not reflect the initiation of any new investigation between the abandonment of termination process and issuance of the Notice Proposed Nonrenewal.

26D. The Notice of Proposed Nonrenewal does not reference any new investigation or newly discovered evidence.

## D. Notice of Proposed Nonrenewal

27. On May 9, 2025, HISD issued a written Notice of Proposed Nonrenewal.

28. The Notice states: "This letter is your official notice of the proposal for nonrenewal."

29. The Notice further states that Plaintiff would "continue your employment with the District" pending Board action.

30. The Notice cites Texas Education Code § 21.206 and Board Policy DFBB.

31. The Notice lists general policy categories only.

32. The Notice does not identify factual allegations.

33. The Notice does not identify incidents or dates.

34. The Notice does not reference Plaintiff's grievance activity.

35. The Notice does not reference social media communications.

36. The Notice does not reference the prior termination notice.

37. The Notice does not incorporate any prior allegations by reference.

38. The Notice states that each listed reason is independent.

**E. Evidentiary Hearing**

39. Plaintiff timely requested a hearing.

40. At the evidentiary hearing, HISD relied on evidence not identified in the written Notice of Proposed Nonrenewal.

41. The evidence relied upon included materials previously raised during the abandoned termination process.

42. The evidence relied upon included grievance-related materials and communications.

43. The evidence relied upon included social media and electronic communications.

44. Plaintiff was required to respond to matters not identified in the written notice of proposed nonrenewal.

## F. Hearing Examiner Recommendation and Board Action

45. The Independent Hearing Examiner issued a written recommendation against nonrenewal.

46. Following issuance of the recommendation, HISD submitted proposed redlined revisions.

47. The redlined revisions altered legal conclusions.

48. The Board adopted the revised version and voted to nonrenew Plaintiff's contract.

## G. Commissioner Decision

49. On December 30, 2025, the Commissioner of Education issued a written decision affirming the nonrenewal.

50. The Commissioner's decision rejected at least one asserted basis for nonrenewal.

## H. Documentary Record

51. Plaintiff's claims are based on Defendants' own written records, including:

a. the 2024–2025 term contract;

b. the termination notice issued during the contract term;

c. the Notice of Proposed Nonrenewal dated May 9, 2025;

d. Plaintiff's written grievances and District grievance responses;

e. documents relied upon at hearing, including grievance-related and electronic communications;

f. the Independent Hearing Examiner's recommendation;

g. the District's proposed redlined revisions; and

h. the Commissioner's written decision.

## V. CAUSES OF ACTION

COUNT I — Procedural Due Process
42 U.S.C. § 1983

52. Plaintiff had a protected property interest in her term contract.

53. Defendants deprived Plaintiff of meaningful notice and opportunity to respond.

54. Defendants relied on matters arising from allegations not disclosed in the written notice governing the proceeding they elected to use, including materials generated during an earlier investigative process that had concluded and was not initiated prior to issuance of Notice of proposed Nonrenewal.

55. Defendants acted under color of state law.

## COUNT II — First Amendment Retaliation
### 42 U.S.C. § 1983

56. Plaintiff engaged in protected activity, including filing grievances and engaging in private social-media expression unrelated to official job duties.
57. Defendants were aware of Plaintiff's protected activity.
58. Plaintiff's protected activity occurred prior to and in close temporal proximity to the adverse employment action.
59. The adverse employment action was taken following Plaintiff's protected activity and was based, in whole or in part, on materials generated during the prior investigative process, a process that had concluded before issuance of the termination notice and wads not reopened or reinitiated through any new investigation prior to issuance of Notice of Proposed Nonrenewal.

**COUNT III — Texas Whistleblower Act**
**(Against HISD and the Board)**

60. Plaintiff reported violations of law in good faith.

59. Plaintiff suffered adverse personnel actions.

60. The adverse actions were causally connected to the reports.

61. Sovereign immunity is waived under Texas Government Code Chapter 554.

**COUNT IV — Breach of Contract**

63. Plaintiff and the Board entered into a valid term contract.

64. The contract incorporates statutory employment procedures.

65. Defendants breached the contract by failing to apply those procedures consistently with their own written notices.

66. Plaintiff suffered damages.

**COUNT V — Declaratory and Injunctive Relief**

67. Plaintiff seeks declarations that Defendants violated statutory and constitutional requirements.

68. Plaintiff seeks prospective injunctive relief prohibiting reliance on undisclosed allegations in future employment proceedings.

69. Plaintiff seeks reinstatement or equivalent prospective relief as determined by the Court.

**VI. DAMAGES**

70. Plaintiff was forced to relocate to continue employment.

71. Plaintiff incurred relocation and increased cost-of-living expenses.

72. Plaintiff lost seniority, service credit, and career progression.

73. Plaintiff suffered compensable emotional distress recoverable under federal civil-rights law and the Texas Whistleblower Act.

74. Plaintiff seeks actual damages, attorney's fees under 42 U.S.C. § 1988, costs, and interest.

## VII. PRAYER

Plaintiff respectfully requests all relief to which she is justly entitled.

Respectfully submitted,

s/s Omer Waqas Khwaja                              1/29/2025

OMER WAQAS KHWAJA
Attorney for Plaintiff
Khwaja Legal Services, PLLC
708 Main Street, Fl. #10
Houston, TX 77002

## CERTIFICATION

Counsel certifies that this pleading is submitted in good faith and is supported by the documentary record presently available.

s/s Omer Waqas Khwaja                              1/29/2025

OMER WAQAS KHWAJA
Attorney for Plaintiff
Khwaja Legal Services, PLLC
708 Main Street, Fl. #10
Houston, TX 77002

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110673268
Filing Code Description: Petition
Filing Description:
Status as of 1/30/2026 3:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Omer Khwaja | | omer.khwaja@khwajalaw.org | 1/30/2026 2:32:19 PM | SENT |